**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RL FARMS, LLC**                                                                           **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:25-cv-209-TBM-BWR**

**ZACHARY ORRELL**                                                                      **DEFENDANT**

**ORDER**

At a hearing conducted on May 11, 2026, the Court heard arguments on Plaintiff RL Farms, LLC's [22] Motion for Partial Summary Judgment as to Plaintiff's Claims and Summary Judgment as to Defendant's Counterclaims.[1]

Construing the evidence *in a light most favorable* to Defendant Zachary Orrell, the evidence in the record and presented at the hearing shows as follows: RL Farms owns over 480 acres of property ("Property") in Greene County, Mississippi. The Property is primarily used for hunting and fishing. At some point in 2021 or 2022, RL Farms put the Property up for sale, but it proved difficult to attract buyers. That was until Orrell entered into a purchase agreement in December 2024. The sale was contingent on "legal access for ingress and egress to the Property along the existing access road." However, Orrell ultimately refused to close for this reason.

Hacks Road is the only road connected to the Property. Although it is technically a public road, it does not appear as such to a passerby. Greene County does not maintain Hacks Road. It is not paved and has no street sign. It is a dirt road that traverses four to six privately and separately owned parcels of land before reaching the Property. And the beginning of Hacks Road is blocked by a gate. The gate is locked by

---

[1] The Court also considered Zachary Orrell's [31] Motion for Relief under Rule 56(d) and [19] Motion for Leave to Amend Counterclaim and bring a Third-Party Complaint and RL Farms' [54] Second Unopposed Motion for Extension of Deadlines. RL Farms withdrew its [54] Second Unopposed Motion for Extension of Deadlines at the hearing.

a chain of linked padlocks to prevent access to "trash dumpers, poachers, and trespassers." There are no other visual indications alerting a passerby to Hacks Road's public nature.

RL Farms did not erect the gate and does not have full control of the gate.[2] Nor does RL Farms know for sure who owns the land upon which the gate sits. And RL Farms does not know the owner of each parcel between the gate and the Property. Greene County does not even have a key to the gate. While RL Farms has a key to the gate, there is no written agreement that mandates RL Farms' entitlement to a key. And, although RL Farms acknowledges that the gate is likely unlawful, its arguments that Orrell could tear down the gate or drive around it are unsatisfactory. Such actions could lead to criminal or civil liability. It is also unclear if Orrell could easily drive around the gate, given the surrounding trees and brush.

Finally, even if it was undisputed that Orrell had the legal ability to do whatever he wanted with the gate, the parties also dispute whether the public portion of Hacks Road ends before it reaches the Property. The parties do agree that Hacks Road turns into a private road at some point in time. Yet the dispute over where the public portion of Hacks Road actually ends is further demonstrated by how it is a dirt road that travels over many parcels, deep into the woods, and branches off into at least three endpoints. It is true that Orrell knew the gate was present before he signed the Purchase Agreement. But construing the facts in a light most favorable to him, there are genuine issues of material fact as to whether the condition for sale was met.

This rationale is further supported by the Court's findings and conclusions at the hearing. To be clear, further analysis was announced from the bench and is contained in the hearing transcript.

---

[2] RL Farms' motion was also premature and relied on facts that are now undisputedly and admittedly wrong. For example, RL Farms claimed that Ryan Ladner, RL Farms' owner, installed the locked gate with Greene County's permission. These facts were a focal point of RL Farms' motion. At the hearing, however, RL Farms admitted that Ryan Ladner did not install the gate. Instead, the gate was erected by RL Farms' expert witness and another individual. And the gate was installed without Greene County's permission.

For all of the reasons noted here *and* contained in the hearing transcript:

IT IS ORDERED that Zachary Orrell's [19] Motion for Leave to Amend Counterclaim and bring a Third-Party Complaint is TAKEN UNDER ADVISEMENT.

IT IS FURTHER ORDERED that RL Farms LLC's [22] Motion for Partial Summary Judgment as to Plaintiff's Claims and Summary Judgment as to Defendant's Counterclaims is DENIED.

IT IS FURTHER ORDERED that Zachary Orrell's [31] Motion for Relief under Rule 56(d) is MOOT.

IT IS FURTHER ORDERED that Zachary Orrell's [57] Motion to Strike Plaintiff RL Farms, LLC's Supplement is MOOT.

This, the 13th day of May, 2026.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE